**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

| | |
|---|---|
| TYRESE BEATY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:25-cv-00029-JAR |
| ) | |
| STEPHEN KORTE, ) | |
| ) | |
| Respondent. ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on review of Petitioner Tyrese Beaty's petition for writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 1). For the reasons set forth below, the Court will summarily dismiss the petition without prejudice.

### Background and Petition

Petitioner is a pretrial detainee at the Pike County Jail in Pike County, Missouri, awaiting trial on multiple state criminal charges. *See State v. Beaty*, Nos. 25PI-CR00005-01, 25PI-CR00057-01, 25PI-CR00058-01, 25PI-CR00063-01 (45th Jud. Cir. 2025).[1] Petitioner alleges that the Pike County Circuit Court set his bond at $275,000 without holding a hearing on his motion for bond reduction. He contends that the bond amount is excessive and punitive. Petitioner also challenges the validity of the state charges, claiming that they stem from unlawful searches and conflicting evidence. For relief, he seeks immediate release on his own recognizance and an order from this Court reassigning his state criminal proceedings to a different state court judge.

---

[1] The Court obtained this information from Missouri's online case management system. The Court takes judicial notice of these public records. *See Levy v. Ohl*, 477 F.3d 988 (8th Cir. 2007) (stating that a district court may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

**Discussion**

Federal courts possess the authority to issue a writ of habeas corpus for a prisoner held in state custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). However, the exercise of this authority is circumscribed by important principles of comity and federalism, particularly when state criminal proceedings are ongoing. *See Younger v. Harris*, 401 U.S. 37, 46 (1971) (holding that, in light of principles of comity and federalism, federal courts must abstain from enjoining ongoing state criminal prosecutions absent a showing of bad faith, harassment, or other extraordinary circumstances).

Furthermore, while 28 U.S.C. § 2241 does not explicitly require exhaustion of state remedies, federal courts generally abstain from exercising jurisdiction over § 2241 petitions where the claims can be addressed through ongoing state proceedings or available state remedies. *See Dickerson v. State of La.*, 816 F.2d 220, 224 (5th Cir. 1987) (collecting cases). As the Supreme Court has explained, absent special circumstances, federal habeas corpus relief is not available to adjudicate the merits of an affirmative defense before the state court has entered a judgment of conviction. *See Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973).

In the instant petition, Petitioner has not demonstrated that he has exhausted available state remedies, nor has he alleged the type of extraordinary circumstances that might justify federal intervention under *Younger*. Additionally, the relief sought—reassignment of his state court proceedings to a different state court judge—is not within this Court's power. Federal habeas jurisdiction does not extend to the administration of state court judicial assignments. *See Rizzo v. Goode*, 423 U.S. 362, 379 (1976) (emphasizing principles of federalism limit federal court intrusion into the internal affairs of state governmental operations, including judicial administration). Furthermore, because Petitioner's state criminal proceedings are ongoing, he has

an adequate opportunity to raise his claims before the state court.

## Conclusion

For the reasons set forth above, it plainly appears that Petitioner is not entitled to the relief sought. Accordingly, the Court will summarily dismiss this action. *See* Rule 4, Rules Governing § 2254 Cases in the United States District Courts (providing for summary dismissal if it plainly appears from the petition that the petitioner is not entitled to relief).[2]

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's petition for writ of habeas corpus (ECF No. 1) is **DISMISSED**. A separate order of dismissal will follow.

**IT IS FURTHER ORDERED** that Petitioner's motion for leave to proceed in forma pauperis is **DENIED** (ECF No. 2) as moot.

Dated this 20th day of May, 2025.

                                                                   *John A. Ross*
                                                                JOHN A. ROSS
                                                                UNITED STATES DISTRICT JUDGE

---

[2] Applicable to § 2241 petitions through Rule 1(b).